THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAHA ABOU-RAMADAN,

    Plaintiff,

v.

ALLISON KATAOKA, *et al.*,

    Defendants.

CASE NO. C20-1356-JCC

ORDER

This matter comes before the Court on Defendant Allison Kataoka's motion to dismiss for improper venue, or in the alternative, to transfer the action to the United States District Court for the Central District of California. (Dkt. No. 12.)[1] Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion.

## I.    BACKGROUND

Plaintiff alleges that Defendant, a police officer, ticketed him for using his surrendered and outdated California driver's license instead of his valid Washington license, and that she falsely claimed he was driving with a broken window and without a license plate. (Dkt. No. 1 at 5.) Plaintiff seeks damages and a civil penalty based on claims of conspiracy, falsifying evidence,

---

[1] Defendant also moves for dismissal based on lack of personal jurisdiction and failure to state a claim upon which relief can be granted. (*See* Dkt. No. 12.) Because the Court is resolving this motion based on improper venue, it does not reach these issues.

ORDER
C20-1356-JCC
PAGE - 1

and negligence. (*Id.* at 6–11.) Defendant moves to dismiss for improper venue, or in the alternative, to transfer the case to the Central District of California. (Dkt. No. 12.)

## II. DISCUSSION

Civil actions in federal court may be brought, with limited exceptions, only in (1) the judicial district where defendants reside or (2) in a judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). When a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer or dismiss is within the discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

In this instance, the Central District of California is the proper venue. It is undisputed that Defendant resides in Los Angeles County, California and issued the traffic ticket there. (*See* Dkt. Nos. 1 at 3–6, 17 at 2.) This case has *no* connection to the Western District of Washington beyond Plaintiff's residence. (*See generally* Dkt. Nos. 1, 12, 17, 18.) Therefore, venue is not proper in this district. Nor does the Court find that transferring this case to the Central District of California is in the interest of justice. While *pro se* litigants "must be held to less stringent standards than formal pleadings drafted by lawyers," *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010), the causes of action articulated in the complaint do not fit with the facts alleged, and the court doubts they are legally cognizable.

## III. CONCLUSION

Defendant's motion to dismiss (Dkt. No. 12) is GRANTED. The complaint (Dkt. No. 1) is DISMISSED without prejudice.

//
//
//
//

ORDER
C20-1356-JCC
PAGE - 2

DATED this 8th day of July 2021.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE